# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kevin A. Avery and Denise M. Avery, a/k/a Denise W. Murdock, as assignees of the Estate of Andrzej Furmanski, Deceased, | ) ) ) ) ) | **ADDITIONAL ORDER RE UPCOMING HEARING** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Lahr Agency, LLC, n/k/a REL Agency, LLC, | ) ) ) | Case No. 1:17-cv-265 |
| Defendant. | ) ) | |

After giving the pending motions some more thought following our off-the-record discussion yesterday, there are several points the court would like the parties to address at the upcoming hearing scheduled for August 27, 2019.

The court is truly conflicted on what to do. On the one hand, the defendant is entitled to a timely adjudication of this matter in accordance with the governing rules of procedure. On the other hand, the court does believe that plaintiffs did not anticipate the court's ruling and also that, while defendant made the argument it did, it too may have been somewhat surprised. One thing the court would be interested in learning at the upcoming hearing is the scope of discovery undertaken by defendant in terms of the underlying case and the extent to which defendant was prepared to challenge the judgment if the court had concluded (or may yet conclude if it changes its mind) that the judgment could be received as evidence but is not binding.

This leads to the second point. While the court is skeptical that defendant is bound by the earlier judgment in the sense that it has no opportunity to raise defenses that would have been

available to the Furmanski Estate or question the amount of damages,[1] the other possibility, apart from what the court concluded in its earlier order, is that the court's prior judgment is evidence that can be offered by plaintiffs in the upcoming trial but defendant can offer evidence that demonstrates the damages were not as great as the court determined as well as evidence that would support a conclusion there was an available defense. If there is any case law that would support this, the court would consider it.

Third, if the court does not change its mind with respect to the ruling it has already made but concludes plaintiffs are entitled relief, one option the court might have would be to proceed with the trial in September to determine the liability, if any, on the part of the defendant to the Furmanski Estate (*i.e.* liability on the assigned claims) as well as the scope of that liability. In terms of the latter, the court could pose a series of interrogatories that would address policy limits and whether there are any applicable exclusions. Then, if plaintiffs' case survives based upon what exclusions may or not be found, the court could schedule a second trial to determine the actual damages, if any, which, in turn, would require a determination of liability, if any, and damages on the underlying claim.

Given where we are at this point and assuming the court decides plaintiffs are entitled to relief, proceeding in this manner would seem to have the following advantages:

---

[1] Even if Furmanski had in place an actual contract providing indemnity, the judgment against the Estate would only have been presumptive evidence of liability and damages under North Dakota law if the indemnitor had not been provided reasonable notice of the action against the Estate or not allowed to control the defense. N.D.C.C. § 22-02-07(6). Here, there was not even an existing policy providing coverage for the aircraft or other contract for indemnity.
     Also, it is no answer that defendant could not have intervened. Whether it could or could not have is beside the point. The Furmanski Estate could have made a demand upon defendant to provide a defense in terms of hiring counsel and paying the costs of the defense. That being said, even if a demand had been made, it may not have changed the result in terms of the prior judgment being binding (given the lack of an existing agreement with respect to the aircraft) but it *may* have been an additional argument for why the judgment should be given presumptive effect as opposed to no effect.

- If this case is nonstarter in terms of liability as defendant contends, then this gets determined without the parties having to incur the costs of additional discovery and trial on the issues of liability and damages on the underlying claim.

- If the jury determines there is fault on the part of defendant, but that the policy that would have been procured would have included an "employee exclusion," this also would end the case.

- If the jury concludes there are no policy exclusions that would foreclose coverage, then the parties could proceed forward knowing what the policy limits are. If the jury concluded the policy limit would have been only one million dollars, the parties might be able to resolve the remaining issues, all or in part, and save litigation expense going forward. That is, while there is a substantial question whether the damages in the Avery-Furmanski action were as high as the court determined, the parties could reach the commonsense conclusion that the damages were more than one million dollars. Also, if there is a basis for questioning the quantum of fault on the part of Furmanski, that too may be academic if the jury determined the amount coverage that would have been available is only one million dollars. On the other hand, if the jury concludes the amount of coverage to have been available would have been five million dollars, for example, then the parties have that information available in terms of deciding whether to settle the case or proceed forward.

The parties should be prepared to address this option of proceeding forward at the motions hearing scheduled on August 27, 2019.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2019.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court
