IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kevin A. Avery and Denise M. Avery, a/k/a Denise W. Murdock, as assignees of the Estate of Andrzej Furmanski, Deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>Lahr Agency, LLC, n/k/a REL Agency, LLC,<br><br>    Defendant. | **ORDER RE DEFENDANT'S MOTIONS IN LIMINE**<br><br>Case No. 1:17-cv-265 |

The following are the court's rulings on defendant's motions in limine 1–4:

1. **Motion to exclude expert Clinton Miller's opinion that Rich Lahr had a duty to procure a $5 million excess or umbrella policy for the airplane**

Defendant seeks to exclude testimony on the part of plaintiffs' expert Clinton Miller that defendant should have procured an excess policy in the amount of $5 million dollars. Defendant's objections are several. The first is that Miller did not set forth an opinion regarding the amount of insurance that Lahr should have procured. While somewhat oblique and sparse on detail, Miller's report does appear to offer an opinion that defendant should have procured a policy that would have provided $5 million in coverage effective for the circumstances of this case. Further, defendant did depose Miller where he offered the same opinion and specifically referred to the possibility of an excess policy.[1] For these reasons and the fact defendant has retained its own expert on these matters, defendant has not been unfairly prejudiced.

---

[1] Miller also referenced the possibility of a "medical pay" provision in any policy that would have been procured but defense counsel did not follow up on this reference. At this point, the court does not know whether this has any relevance to this case.

1

Defendant's second objection is that Miller lacks the necessary qualifications to express an opinion. The court disagrees. Miller has substantial background and experience in the insurance industry. The deficiencies claimed by defendant go to the weight of his testimony and not its admissibility.

The third objection is that Miller's testimony that $5 million in coverage should have been procured is not sufficiently grounded and lacks foundation. The court will defer ruling on the ultimate admissibility of Miller's testimony with respect to this point until it hears all of the evidence, but the court does have concerns. Kevin Avery acknowledges he did not request any specific policy limits in his conversations with Richard Lahr and left it up to his professional judgment to decide what would be appropriate. While Miller says $5 million in coverage would have been an appropriate amount, the only thing he offers to support this opinion is that this is the amount that would be appropriate for a high net worth individual as well as a business the size of Avery Enterprises and vague reference to coverage in this amount being available in the market.[2] Maybe this enough, but far more probative (at least in this court's view) are (1) the limits of liability coverage for small aircraft (both the primary policy and any applicable excess polices) that Lahr

---

[2] Defendant points to findings that the undersigned made in the Avery-Furmanski action with respect to Kevin Avery's net income prior to the accident and contends it demonstrates Avery was not a "high net worth" individual. Putting aside defendant's argument that nothing in that proceeding is binding now, the amounts Avery took in income may not necessarily reflect the value of the business. That is, he may have been building equity in the business by taking less income. On the other hand, he may have draining the business of needed working capital. In terms of the business, Miller had before him some information with respect to its size in expressing an opinion that $5 million would have been an appropriate amount. Further, at one point Avery had a yearly income in excess of $400,000 and there potentially could be hopes for the future and not wanting the business saddled with a large liability judgment. On the other hand, if Avery Enterprises did not have excess policy limits of five million dollars for other coverages at the time of the accident, contending that Avery Enterprises could reasonably have expected (and been willing to pay for) a higher limit of liability coverage for the aircraft will be a difficult sell.

obtained for himself, defendant,[3] and his other customers, and (2) the excess policy limits that Avery Enterprises was apparently satisfied with for other liability coverages.

**Court ruling**: Motion is **DENIED**.

2. **Motion to exclude evidence of Richard Lahr's offer to Kevin Avery to pay $30,000**

Defendant seeks to exclude from evidence an offer made by Richard Lahr while he was in the hospital to pay $30,000. The court agrees there existed at the time the offer was made a dispute as to whether Lahr should have procured insurance on the aircraft in that this was the subject of an earlier phone call. As a consequence, the offer falls within the scope of Fed. R. Evid. 408. See, e.g., Weems v. Tyson Foods, Inc., 665 F.3d 958 (8th Cir. 2011) (a dispute need not crystallize to the point of threatened litigation for the Rule 408 exclusion to apply); Savy Surfers, Inc. v. Wings of Minot ND LLC, No. 1:17-v-164, 2019 WL 377652, at **2–3 (D.N.D. Jan. 30, 2019) (same). Plaintiffs may not use the offer to prove liability.

**Court ruling**: Motion is **GRANTED IN PART**. Plaintiffs may not use the offer to prove liability. The court makes no ruling with respect to whether the evidence may be offered for some other purpose, however. Plaintiffs, plaintiffs' counsel, and plaintiffs' experts may not mention or otherwise refer to the $30,0000 offer in the presence of the jury without first seeking permission from the court.

3. **Motion to exclude evidence of other lawsuits and claims**

Plaintiffs seek to offer evidence that defendant and/or Richard Lahr had been the subject of one or more prior claims and that, at least in one case, a substantial settlement was made. If offered

---

[3] Lahr himself was a pilot, and it appears defendant at various times owned aircraft that Lahr flew for business purposes including carrying passengers.

3

to show that Richard Lahr was not a careful or diligent agent and/or to support the claim that Lahr failed to procure requested insurance because he had allegedly done so in the past, the evidence is subject to exclusion under Fed. R. Evid. 404. See, e.g., State Farm Mut. Auto Ins. Co. v. Accident Victims Home Health Care Serv. Inc., 467 F. App'x 368, 371-74 (6th Cir. 2012) (district court erred in admitting evidence that a party had engaged in prior acts of fraud and misrepresentation when the only apparent purpose was show propensity for the same type of conduct); American Airlines, Inc. v. United States, 418 F.2d 180, 197 (5th Cir.1969) ("evidence of a similar act of negligence is not admissible to prove negligence in performing the same act later"). However, there are exceptions that *may* be applicable.

The court agrees that the prior act evidence that has been referenced in the deposition testimony the court has reviewed so far appears to be dissimilar enough that several of the exceptions under Rule 404(b)(2) are likely not applicable. Cf. First Sec. Bank v. Union Pacific R.R. Co., 152 F.3d 877, 879-80 (8th Cir. 1998); Shelley v. White, No. 1:09-cv-00662, 2010 WL 1904963, at **2– 4 (M.D. Ala. May 12, 2010). However, the court is not prepared to conclude now that none of the exceptions apply. Also, there is the possibility defendant may "open the door" to some of the evidence.

**Court ruling**: Motion is **GRANTED IN PART**. Plaintiffs, plaintiffs' counsel, and plaintiffs' experts may not mention or otherwise refer to other lawsuits and claims in the presence of the jury without first seeking permission from the court.

### 4. Motion to exclude duplicative expert testimony

Defendant in this motion seeks to preclude plaintiffs from presenting testimony from more than one expert with respect to the same subject matter. In response, plaintiffs agree this would be

inappropriate and will endeavor not to do so.

**Court ruling**:  Motion is **GRANTED** to the extent that plaintiffs have agreed not to present testimony about the same subject matter from more than one expert.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2019.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court